Robert C. TOUCHSTON, Deborah Shepperd, and Diana L. Touchston, Plaintiffs,

v.

Michael McDERMOTT, Ann McFall, Pat Northy, Theresa LePore, Charles E. Burton, Carol Roberts, Jane Carroll, Suzanne Gunzberger, Robert Lee, David Leahy, Lawrence King, Jr., and Miriam Lehr, in their official capacities as members of the County Canvassing Boards of Volusia, Palm Beach, Broward, and Miami–Dade Counties, respectively; and Katherine Harris, in her official capacities as Secretary of the Department of State and as a member of the Elections Canvassing Commission, and Clay Roberts and Bob Crawford, in their official capacity as members of the Elections Canvassing Commission, Defendants.

No. 6:00CV1510–Orl–28C.

United States District Court, M.D. Florida, Orlando Division.

Nov. 14, 2000.

As Amended Nov. 15, 2000.

## ORDER

ANTOON, District Judge.

This cause came on for consideration on Plaintiffs' Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3, filed November 13, 2000).

Plaintiffs, registered voters in Brevard County, Florida, have sued the members of the County Canvassing Boards of Counties of Volusia, Palm Beach, Broward, and Miami–Dade, the members of the Florida Elections Canvassing Commission, and the Secretary of the Florida Department of State. In their complaint, Plaintiffs challenge the constitutionality of section

102.166(4) of the Florida Statutes, asserting that the statute violates their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, Based on these claims, Plaintiffs seek an order from this Court stopping the manual recount of votes in these counties. Notwithstanding the exigencies described as justification for emergency relief and short notice to the Defendants, this action was filed with the Clerk of this Court at 3:51 p.m. yesterday, just hours after similar claims were denied by The Honorable Donald M. Middlebrooks in the United States District Court in the Southern District of Florida.[1] Although the Court has had the opportunity to consider the complaint, the late filing of this action has resulted in an Order perhaps too brief to give the issues raised therein the dignity they deserve. Upon review of Plaintiffs' complaint and the accompanying memo-

1. Due to the last-minute filing of this action, counsel for Plaintiffs was told, at approximately 6:00 p.m. yesterday and upon inquiry, via telephone that the Court would hold a hearing on the motion for a temporary injunction at 2:00 p.m. today. Counsel for Plaintiffs was told to notify the Defendants of the hearing as soon as possible and to be prepared to certify at the hearing what efforts were made to inform the Defendants of the hearing.

2. Section 102.141(4), Florida Statutes, provides in relevant part, "If the returns for any office reflect that a candidate was defeated or eliminated by one-half of a percent or less of the votes cast for such office ... the board responsible for certifying the results of the vote on such race or measure shall order a recount of the votes cast for such office ...."

3. Section 102.166(4) provides:
    (a) Any candidate whose name appeared on the ballot, any political committee that supports or opposes an issue which appeared on the ballot, or any political party whose candidates' names appeared on the ballot may file a written request with the county canvassing board for a manual recount. The written request shall contain a statement of the reason the manual recount is being requested.
    (b) Such request must be filed with the canvassing board prior to the time the canvassing board certifies the results for the office being protested or within 72 hours after midnight of the date the election was held, whichever occurs later.

randum of law, as well as counsel's argument, this Court determines that the relief sought by Plaintiffs should be denied.

### Background

One week ago today, on Tuesday, November 7, 2000, a general election was held throughout the United States. When the popular vote for the office of President of the United States was counted in the State of Florida, the difference between the votes cast for the Republican candidate, Texas Governor George W. Bush, and the Democratic candidate, Vice President Al Gore, was less than one-half of one percent of the votes cast. Because of this small difference, Florida law required a recount.[2]

Florida law also provides that a candidate or certain other persons may request a manual recount.[3] Vice-President Al

(c) The county canvassing board may authorize a manual recount. If a manual recount is authorized, the county canvassing board shall make a reasonable effort to notify each candidate whose race is being recounted of the time and place of such recount.
    (d) The manual recount must include at least three precincts and at least 1 percent of the total votes cast for such candidate or issue. In the event there are less than three precincts involved in the election, all precincts shall be counted. The person who requested the recount shall choose the three precincts to be recounted, and, if other precincts are recounted, the county canvassing board shall select the additional precincts.
Additionally, section 102.166(5) provides that "[i]f the manual recount indicates an error in the vote tabulation which could affect the outcome of the election, the county canvassing board shall: (a) Correct the error and recount the remaining precincts with the vote tabulation system; (b) Request the Department of State to verify the tabulation software; or (c) Manually recount all ballots." Moreover, "[a]ny manual recount shall be open to the public." § 102.166(6), Fla. Stat. (2000).
    The Florida statute further provides:
    (7) Procedures for a manual recount are as follows:
    (a) The county canvassing board shall appoint as many counting teams of at least two electors as is necessary to manually recount the ballots. A counting team must

Gore requested a manual recount in four Florida counties: Volusia, Palm Beach, Broward, and Dade.[4] Plaintiffs contend that the selective manual recounts in these four apparently largely Democratic counties, unconstitutionally dilute their votes because the manual recounts are likely to result in an increase in the number of votes counted for the Democratic candidate. Plaintiffs contend that section 102.166(4), Florida Statutes, violates their equal protection and due process rights both on its face and as applied.

Specifically, Plaintiffs argue that section 102.166(4) has enabled Vice President Gore to selectively seek and effectuate a manual recount only in heavily populated, predominantly Democratic counties. Plaintiffs contend that such selective manual recounting will skew the election result toward the Democratic candidate by adding a proportionately higher number of Democratic votes which were not tabulated through the automated mechanism. In essence, Plaintiffs contend that the state law permitting manual recounts in counties selected by the Democratic candidate is effectively diluting their votes for the Republican candidate cast in a predominantly Republican county where a recount was not requested. This, according to Plaintiffs, is contrary to guarantees of the Fourteenth Amendment.

Plaintiffs also assert that the manual recount process established within section 102.166(4) lacks due process protections. First, Plaintiffs assert that section 102.166(4) is enabling Vice President Gore to gain a disproportionate number of total "undervotes" by selecting a manual recount in counties with a majority of Democratic voters. According to Plaintiffs, the

Florida law does not afford due process because it fails to establish safeguards that would prevent a candidate from using the manual recount mechanism to mine for votes. Second, Plaintiffs contend that section 102.166(4) fails to provide procedural due process because it grants county canvassing boards absolute discretionary authority as to whether to grant or deny a manual recount while failing to establish standards that are sufficient to guard against arbitrary and capricious decisions. Third, Plaintiffs contend that section 102.166(4)'s lack of standards for delineating when to recognize a valid ballot during a manual recount results in the application of inconsistent rules and subjective evaluations. Plaintiffs claim that section 102.166(4) enables county canvassing boards to develop, on an ad hoc basis, vague, subjective, arbitrary and capricious standards to count ballots when voters have not completed the casting of his or her vote by sufficiently punching the chad on the ballot. Fourth, Plaintiffs claim that section 102.166(4) fails to provide notice and an opportunity to be heard to an opposing candidate when a manual recount has been proposed by a candidate or is being considered by a canvassing board.

In addition, Plaintiffs argue that section 102.166 enables a candidate in a statewide election to use the manual recount mechanism to selectively cause the ballots in some counties to be recounted while ignoring similarly situated valid ballots in other counties. This practice, Plaintiffs contend, does not sufficiently embrace the principle embodied within the equal protection clause of the Fourteenth Amendment that voters are entitled to have their valid votes counted along with the valid votes of other electors.

have when possible, members of at least two political parties. A candidate involved in the race shall not be a member of a counting team.

  (b) If a counting team is unable to determine a voter's intent in casting a ballot, the ballot shall be presented to the county canvassing board for it to determine the voter's intent.

§ 102.166(7), Fla. Stat. (2000).

**4.** There were no affidavits attached to Plaintiffs' complaint or motion; the only attachments to the complaint are the pertinent Florida statute and a news article. Accordingly, only a brief, general statement of facts has been included in this Order.

*Analysis*

Essentially, the same arguments Plaintiffs make here were also made by the complainants in *Ned Siegel, et al. and Gov. George W. Bush, et al. v. Theresa LePore, et al.,* 120 F.Supp.2d 1041 (S.D.Fla.2000) Middlebrooks, filed in the Southern District of Florida only a few days ago. In that case, Judge Middlebrooks entered an order that this Court considers well-reasoned and comprehensive. After its own independent consideration of the issues presented here, this Court adopts the reasoning contained in Judge Middlebrooks's Order of November 13, 2000. *See Siegel v. LePore,* 2000 WL 1687185 (S.D.Fla. Nov.13, 2000) (attached hereto) *. Nonetheless, it is important to briefly reiterate the reasons federal courts remain reluctant to interfere with state electoral processes.

While there are a myriad of controversial issues surrounding this extraordinarily close presidential election, we are concerned with only one—whether the federal courts should enjoin the manual count of ballots in certain counties authorized by local officials pursuant to the request of one of the candidates. In resolving this question, it is important to keep in mind that the election of a President under our federal system is decentralized and does not turn on the popular vote. The states themselves play an important constitutional role in this process. Article II, section 1 of the United States Constitution provides that the states will, according to the manner established by their respective legislatures, appoint electors who will then elect the President. Florida has enacted laws as to how this responsibility should be carried out, including section 102.166, which gives county canvassing boards under certain circumstances the discretion to grant requests for manual recounts of the ballots.

As the Eleventh Circuit observed in *Curry v. Baker,* 802 F.2d 1302 (11th Cir. 1986), although "federal courts closely

scrutinize state laws whose very design infringes on the rights of voters, federal courts will not intervene to examine the validity of individual ballots or supervise the administrative details of a local election." In its consideration of a challenge to indiana's recount of ballots in a U.S. Senatorial election, the United States Supreme Court stated:

> Unless Congress acts, Art. I, s 4, empowers the States to regulate the conduct of senatorial elections. This Court has recognized the breadth of those powers: "It cannot be doubted that these comprehensive words embrace authority to provide a complete code for congressional elections, not only as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of election returns; In short, to enact the numerous requirements as to procedure and safeguards which experience shows are necessary in order to enforce the fundamental right involved." *Smiley v. Holm,* 285 U.S. 355, 366, 52 S.Ct. 397, 399, 76 L.Ed. 795 [ (1932) ].

> Indiana has found, along with many other States, that one procedure necessary to guard against irregularity and error in the tabulation of votes is the availability of a recount. Despite the fact that a certificate of election may be issued to the leading candidate within 30 days after the election, the results are not final if a candidate's option to compel a recount is exercised. *A recount is an integral part of the indiana electoral process and is within the ambit of the broad powers delegated to the States by Art. I, s. 4.*

*Roudebush v. Hartke,* 405 U.S. 15, 24, 92 S.Ct. 804, 31 L.Ed.2d 1 (1972) (emphasis added). Federal courts remain concerned with state laws and practices that create

* Editors Note: This attachment was deleted for publication purposes.

patterns of systematic denial of equality in voting.[5] But, in the absence of " 'systematically discriminatory laws, isolated events that adversely affect individuals are not presumed to be [constitutional violations]'." *Curry*, 802 F.2d at 1314 (quoting *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir.1980)). Section 102.166 is facially neutral and nondiscriminatory. Furthermore, Plaintiffs have failed to establish that the canvassing board's exercise of its discretion has been carried out in a discriminatory or fraudulent manner.

█ In summary, Plaintiffs have failed to set forth a valid basis for intervention by federal courts. They have not alleged that the Florida law is discriminatory, that citizens are being deprived of the right to vote, or that there has been fraudulent interference with the vote.

█ Moreover, Plaintiffs have failed to establish any of the requisite elements for the entry of a preliminary injunction. In order to establish entitlement to this extraordinary remedy, Plaintiffs must demonstrate "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir.1989)). A preliminary injunction is a drastic remedy and should only be granted in extraordinary circumstances where the "burden of persuasion" as to all four requisites is established. *Id.* Plaintiffs have simply failed to meet this burden.

█ Plaintiffs have not established a likelihood of success on the merits of their claims.[6] This failure is in part based on the fact that Plaintiffs failed to include allegations of fact in the complaint regarding how the manual counts are being conducted. Although the complaint is verified, the details contained in the text of the pleading are based upon information and belief. "[W]hen the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (2d ed.1995). Hence,

---

5. Examples of patent and fundamental unfairness sufficient to justify federal intervention include, inter alia: 1) dilution of votes by reason of malapportioned voting districts or weighted voting systems; 2) purposeful or systematic discrimination against voters of a certain class, geographic area, or political affiliation; 3) election frauds; 4) placing bogus candidates on primary ballots; and 5) failure to give notice to prospective candidates of new and rigorous standards for ballot placement and denial of access to disqualified petitions. *Hennings v. Grafton*, 523 F.2d 861, 864 (7th Cir.1975) (collecting cases and finding no federal intervention warranted where record "show[ed] at most irregularities caused by mechanical or human error and lacking in invidious or fraudulent intent [and did] not show conduct which is discriminatory by reason of its effect or inherent nature").

Additionally, in *Roe v. State of Alabama*, 43 F.3d 574 (11th Cir.1995) (*Roe I*), federal court intervention was deemed justified where a state court judge ordered elections officials to count absentee ballots which were not notarized or witnessed, notwithstanding the fact that the previous practice in Alabama was not to count such ballots. The appellate court concluded that this would render the election at issue fundamentally unfair. No such circumstances are present in the instant matter.

6. Moreover, it is not at all clear that Plaintiffs have standing to maintain this action. In *Hubbard v. Ammerman*, 465 F.2d 1169, 1182 (5th Cir.1972), the court held "[i]n the absence of a statute to the contrary, none but a candidate claiming to have been injured by illegalities therein occurring can contest the certified results of an election. No private person can bring such a contest on the pretext of 'redressing a public wrong.' " *See also Curry v. Baker*, 802 F.2d 1302, 1312 n. 6 (11th Cir.1986) (questioning, in dicta, the standing of non-candidate challengers to bring equal protection and due process claims, noting that purported injury was "common to all voters, and indeed to all citizens alike").

Plaintiffs have failed to demonstrate that they will suffer irreparable injury unless an injunction issues. Furthermore, the result of the manual count asserted by Plaintiffs is a matter of speculation.

Moreover, Plaintiffs have not demonstrated that any injury they might suffer outweighs the damage that an injunction may cause Defendants or that issuance of an injunction would not be adverse to the public interest. Finally, Plaintiffs have not alleged or proved that they are without adequate state remedies to challenge canvassing boards' decisions to engage in the manual counts, the manner in which the manual counts were administered, or the eventual results of the manual counts. In fact, as demonstrated by the events of the day, the state system is working fervently in resolving the issues discussed here.

BASED ON THE FOREGOING, Plaintiffs' Motion (Doc. 3) is **DENIED.**